**ANTHONY V. GENTILE, ESQ.**

6648 Ridge Boulevard
Brooklyn, New York 11220
718-492-1444

anthonyvgentile_esq@yahoo.com

---

May 24, 2021

*Via efiling only*

Hon. Ann M. Donnelly
District Court Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   *Re:*   *Gentile v. American Express National Bank, et al*
           1:21-cv-02392-AMD-JRC

Hon. Judge Donnelly:

I am the Plaintiff *pro se* in the above-entitled matter. I write to this Honorable Court in opposition to the letter motion of the American Express defendants in this matter, dated and filed on May 19, 2021 (Dkt. No. 006), which letter motion, by virtue of its docket title, seeks an "Extension of Time to File Response/Reply". *Id.* Said motion also seeks a date certain for a complaint to be filed in this action so that said defendants can purportedly respond to same.

The motion should be denied in its entirety, with prejudice, because the American Express defendants are presently **in default** of appearing in this action; and they thus, at the moment, have no standing to request any affirmative relief whatsoever, or to answer in this action, or to otherwise appear herein, unless and until they move to excuse their default, and unless and until such motion is granted. The reasons why the American Express defendants are in default as aforesaid are as follows.

The instant case was commenced in Kings County State Supreme Court, on December 19, 2021, via the filing of a "Summons with Notice" ("SWN")[1] in a case captioned/titled: *Anthony V. Gentile v. American Express Company et al*, Index No. 525472/2020. Service was timely and properly effectuated upon defendant herein, American Express National Bank, on April 16, 2021, and the affidavit of service reporting this jurisdictional event was filed on April 19, 2021. Service was effectuated upon defendant herein, American Express Company, on April 13, 2021,

---

[1] A document which is admittedly alien to federal civil practice and to the FRCP.

Page **1** of **3**

and the affidavit of service reporting this jurisdictional event was likewise filed on April 19, 2021.[2]

Determination of the instant case is guided by the interplay of various sections of the New York Civil Practice Law and Rules ("CPLR").  CPLR § 311 directs the manner in which service must be effectuated upon entities such as these.  Here, with respect to these specific business entities/companies, Plaintiff effectuated timely and proper service upon them by utilizing a licensed process server to timely and properly deliver the subject summons to "an agent authorized by appointment or by law to receive service" on behalf of these defendants.  *See* footnote two (2) below.

Section 320(a) of the CPLR states, in relevant part:

> (a) Requirement of appearance. The defendant appears by serving an answer or a notice of appearance, or by making a motion which has the effect of extending the time to answer.[3] An appearance shall be made <u>within twenty days after service of the summons</u> … . If the complaint is not served with the summons, the time to appear may be extended as provided in subdivision (b) of section 3012 (emphasis added).

Notably, removal of a case, which is the only task the American Express defendants accomplished here, does not constitute an "appearance".  This is because the removal of a case from state court to federal court is neither an answer, nor a notice of appearance, nor a motion.

In light of the last sentence of the above block-quote, we turn to section 3012(b) of the CPLR, which states: "If the complaint is not served with the summons, the defendant may serve a written demand for the complaint within the time provided in subdivision (a) of rule 320 for an appearance."  As noted above, the subject time period denoted in CPLR § 320(a) for appearing is twenty (20) days.  Thus, the American Express defendants had until May 3, 2021 and May 6, 2021, respectively, to expressly demand a complaint.

To date, they have not done so, as evidenced by the docket report for this case, and by the docket report for the state supreme court case, not to mention as evidenced by their own letter motion.  Said defendants could have (and should have) easily demanded the complaint in the state court proceeding <u>before</u> removing the action therefrom, or they could have equally easily done so in this Court, as did their co-defendants[4] (and wisely so, one might add).

However, for reasons unknown, the defaulting defendants, despite taking the lead on removal, simply and intentionally <u>chose</u> to not demand a complaint, and they are now bound, to their detriment, by their ill-advised choice.  Indeed, the instant matter constitutes a <u>willful default</u>,

---

[2] *See*: https://iapps.courts.state.ny.us/nyscef/DocumentList?docketId=RZ3ofzOzTJIFcKrJXc6y0A==&display=all&courtType=Kings%20County%20Supreme%20Court&resultsPageNum=1 [at Doc. Nos. 5 and 6].

[3] A motion extending the time to answer obviously applies only to a situation in which the complaint has already been served and an answer is thus due, which is not the case here.

[4] S*ee* Dkt. Nos. 004 and 005 herein.

which is not adjudicated in the same light as an inadvertent or negligent default.  *See, e.g., Bricklayers and Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182 (2d Cir. 2015); *Holloman v City of New York*, 52 A.D.3d 568 (2d Dept. 2008); and *White v Daimler Chrysler Corp.*, 44 A.D.3d 651 (2d Dept. 2007).

Having willfully failed to appear, or demand a complaint, or bring the requisite motion, the American Express Defendants are now in willful default,[5] and they have no standing whatsoever to request any affirmative relief of this Court.  Incidentally, in moving for relief, the American Express defendants cite to, or rely upon, Rule 81 of the FRCP.  Your undersigned has reviewed this section of the Rules, and respectfully submits that none of the provisions set forth therein are applicable to this unique scenario,

Accordingly, for the reasons set forth above, your undersigned respectfully submits that the subject letter motion should be denied in its entirety with prejudice.  Your undersigned further represents to the Court that he will prosecute the requisite motion for a default judgment against the American Express defendants as expeditiously as possible.  Thank you.

Sincerely and respectfully submitted,

/s/ *Anthony V. Gentile*

Anthony V. Gentile

*Plaintiff Pro Se*

To: All ECF registrants in this case.

---

[5] Rule 55 of the FRCP sets forth no specific time frame by which Plaintiff is to obtain a default judgment.